JANET M. HEROLD
Regional Solicitor
DANIEL J. CHASEK
Associate Regional Solicitor
GRACE A. KIM (CSBN 247456)
Trial Attorney
United States Department of Labor
Office of the Solicitor
350 S. Figueroa St., Ste. 370
Los Angeles, CA 90071
Direct: (213) 894-3950
Facsimile: (213) 894-2064
Email: kim.grace@dol.gov

JS-6

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>       Plaintiff,<br><br>     v.<br><br>ABCO MANUFACTURING<br>COMPANY, a California corporation;<br>YONG JIN KIM, also known as<br>YOUNG JIN KIM, individually and as<br>a managing agent of ABCO<br>MANUFACTURING COMPANY;<br>ELLEN JUNG, individually and as a<br>managing agent of ABCO<br>MANUFACTURING COMPANY,<br>          Defendants. | Case No.: SA CV 13-01324-ODW(CWx)<br><br>(PROPOSED)<br>**CONSENT JUDGMENT** |

**(PROPOSED) CONSENT JUDGMENT**                    Page 1 of 20

1    Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of
2    Labor ("Plaintiff" or the "Secretary"), and Defendants ABCO MANUFACTURING
3    COMPANY, a California corporation; YONG JIN KIM, also known as YOUNG JIN
4    KIM, individually and as a managing agent of ABCO MANUFACTURING
5    COMPANY; ELLEN JUNG, individually and as a managing agent of ABCO
6    MANUFACTURING COMPANY (collectively, "Defendants") have agreed to resolve
7    the matters in controversy in this civil action and consent to the entry of this consent
8    judgment ("Consent Judgment" or "Judgment") in accordance herewith:

9        A. The Secretary has filed a Complaint alleging that Defendants violated pro-
10          visions of Sections 7, 11(c), 15(a)(1), (2) and (5) of the Fair Labor Stand-
11          ards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207,
12          211(c), 215(a)(1), (2) and (5).

13       B. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

14       C. Defendants acknowledge their right to retain counsel in this matter.

15       D. Defendants waive issuance and service of process and waive answers and
16          any defenses to the Secretary's Complaint.

17       E. The Secretary and Defendants waive Findings of Fact and Conclusions of
18          Law.

19       F. Defendants admit that the Court has jurisdiction over the parties and subject
20          matter of this civil action and that venue lies in the district court for the
21          Central District of California.

22       G. Defendants and the Secretary agree to the entry of this Consent Judgment
23          without contest.

24       H. Defendants acknowledge that Defendants and any individual or entity act-
25          ing on their behalf or at their direction have notice of, and understand, the
26          provisions of this Consent Judgment.

27       I. Defendants understand and expressly acknowledge that the provisions and
28          safeguards guaranteed under the FLSA to employees, including but not lim-

ited to those found in Sections 7, 11(c), and 15, apply to individuals per-
forming work at Defendants' manufacturing facilities (including but not
limited to Defendants' place of business located at 8062 Main Street, Stan-
ton, CA, 90680).

J.  Defendants admit to willfully violating Sections 7 and 15(a)(2) of the FLSA
during the period from February 17, 2010 through and including February
17, 2013 ("Subject Period") by employing employees who were engaged in
commerce or the production of goods for commerce, or who were em-
ployed in an enterprise engaged in commerce or in the production of goods
for commerce within the meaning of the FLSA, for workweeks longer than
forty (40) hours, and by failing to pay such employees compensation for
their employment in excess of forty (40) hours at a rate not less than one
and one-half times the regular rate at which they were employed.

K.  Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA
during the Subject Period by failing to make, keep and preserve records of
their employees and of the wages, hours, and other conditions and practices
of employment maintained by them as prescribed by the regulations found
in 29 C.F.R. Part 516 that are issued, and from time to time amended, pur-
suant to Section 11(c) of the FLSA.

L.  Defendants admit to violating Section 15(a)(1) of the FLSA by transporting,
offering for transportation, shipping, delivering, or selling in commerce, or
shipping, delivering, or selling with knowledge that shipment or delivery or
sale thereof in commerce is intended, goods in the production of which em-
ployees were employed in violation of the overtime provisions of Sections 7
and 15(a)(2) of the FLSA ("hot goods" provision). Defendants admit to
having shipped hot goods despite having received a Notice to Restrain the
Shipment of Goods from representatives of the Wage and Hour Division of
the United States Department of Labor ("Wage and Hour") and despite hav-

1        ing represented to Wage and Hour that they would not ship said hot goods.

2      M.  Defendants understand and expressly acknowledge that demanding or ac-

3        cepting any of the monies due to any current or former employees under

4        this Consent Judgment, threatening any employee for accepting monies due

5        under this Consent Judgment, or threatening any employee for exercising

6        any of his or her rights under the FLSA is specifically prohibited and may

7        subject Defendants to equitable and legal damages, including punitive dam-

8        ages and civil contempt.

9

10     Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

11     **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to

12  Section 17 of the FLSA, Defendants ABCO MANUFACTURING COMPANY; YONG

13  JIN KIM, also known as YOUNG JIN KIM; ELLEN JUNG, and Defendants' officers,

14  agents, servants, employees, and all persons in active concert or participation with them

15  be, and they hereby are, permanently enjoined and restrained from violating the provi-

16  sions of the FLSA, in any of the following manners:

17     1.  Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also

18        known as YOUNG JIN KIM; ELLEN JUNG, shall not, contrary to Sections 6 and

19        15(a)(2) of the FLSA, pay any of their employees who in any workweek are en-

20        gaged in commerce or in the production of goods for commerce or who are em-

21        ployed in an enterprise engaged in commerce or in the production of goods for

22        commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per

23        hour (or at a rate less than such other applicable minimum rate as may hereinafter

24        be established by amendment to the FLSA).

25     2.  Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also

26        known as YOUNG JIN KIM; ELLEN JUNG, shall not, contrary to Sections 7 and

27        15(a)(2) of the FLSA, employ any of their employees who in any workweek are

28        engaged in commerce or the production of goods for commerce, or who are em-

1   ployed in an enterprise engaged in commerce or in the production of goods for
2   commerce, within the meaning of the FLSA, for workweeks longer than forty (40)
3   hours, unless such employee receives compensation for his or her employment in
4   excess of forty (40) hours at a rate not less than one and one-half times the regular
5   rates at which he or she is employed.

6   3.  Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also
7       known as YOUNG JIN KIM; ELLEN JUNG, shall not, contrary to Sections 11(c)
8       and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employ-
9       ees and of the wages, hours, and other conditions and practices of employment
10      maintained by them as prescribed by the regulations issued, and from time to time
11      amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

12  4.  Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also
13      known as YOUNG JIN KIM; ELLEN JUNG, shall make, keep, and preserve ac-
14      curate records of the wages, hours, and other work conditions and practices of
15      each and every individual who performs any work for Defendants at their current
16      and future manufacturing facilities.

17  5.  Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also
18      known as YOUNG JIN KIM; ELLEN JUNG, shall not, contrary to Section
19      15(a)(1) of the FLSA transport, offer for transportation, ship, deliver, or sell in
20      commerce, or ship, deliver, or sell with knowledge that shipment or delivery or
21      sale thereof in commerce is intended, any goods in the production of which any
22      employee was employed in violation of the minimum wage or overtime provisions
23      of Sections 6 and 7 of the FLSA, respectively.

24  6.  **IT IS FURTHER ORDERED** that Defendants ABCO MANUFACTURING
25      COMPANY; YONG JIN KIM, also known as YOUNG JIN KIM; ELLEN JUNG,
26      shall not withhold payment of **$43,370.70**, which represents the gross unpaid
27      overtime compensation hereby found to be due for the Subject Period to those cur-
28

1  rent and former employees of Defendants named in **Exhibit A**, attached hereto
2  and made a part hereof, in the amounts set forth therein.

3  7. Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also
4  known as YOUNG JIN KIM; ELLEN JUNG, and any individual or entity acting
5  on Defendants' behalf or at their direction, shall not request, solicit, suggest, or
6  coerce, directly, or indirectly, any employee to return or to offer to return to De-
7  fendants or to someone else for Defendants, any monies in the form of cash,
8  check, or any other form, for wages previously due or to become due in the future
9  to said employee under the provisions of this Consent Judgment or the FLSA; nor
10  shall Defendants accept, or receive from any employee, either directly or indirect-
11  ly, any monies in the form of cash, check, or any other form, for wages heretofore
12  or hereafter paid to said employee under the provisions of this Consent Judgment
13  or the FLSA; nor shall Defendants discharge or in any other manner discriminate,
14  solicit or encourage anyone else to discriminate, against any such employee be-
15  cause such employee has received or retained monies due to him or her from De-
16  fendants under the provisions of this Consent Judgment or the FLSA.

17

18  **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c)
19  of the FLSA, in favor of the Secretary and against Defendants in the total amount of
20  **$79,224.05**, which is comprised of unpaid gross overtime compensation owed by De-
21  fendants in the amount of $43,370.70, an additional amount of liquidated damages in the
22  amount of $21,685.35 as permitted pursuant to authority expressly provided in Section
23  16(b) of the FLSA, and civil money penalties in the amount of $14,168.00, as permitted
24  pursuant to authority expressly provided in Section 16(e)(2) of the FLSA. See **Exhibit**
25  **B**, attached hereto and made a part hereof.

26  8. Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also
27  known as YOUNG JIN KIM; ELLEN JUNG shall pay to the Secretary the net
28  amount of back wages due, as set forth in greater detail in Paragraph 11, infra,

1   from the total amount of **$43,370.70**, which represents the unpaid gross overtime
2   compensation hereby found to be due for the Subject Period to the current and
3   former employees of Defendants named in Exhibit A, attached hereto and made a
4   part hereof.

5   9. Pursuant to authority expressly provided in Section 16(b) of the FLSA, 29 U.S.C.
6   § 216(b), Defendants ABCO MANUFACTURING COMPANY; YONG JIN
7   KIM, also known as YOUNG JIN KIM; ELLEN JUNG, shall further pay to the
8   Secretary as liquidated damages the additional sum of **$21,685.35**, hereby found
9   to be due for the Subject Period to the current and former employees named in
10  Exhibit A, attached hereto and made a part hereof.

11  10. Pursuant to authority expressly provided in Section 16(e)(2) of the FLSA, 29
12  U.S.C. § 216(e)(2), Defendants ABCO MANUFACTURING COMPANY;
13  YONG JIN KIM, also known as YOUNG JIN KIM; ELLEN JUNG, shall further
14  pay to the Secretary the sum of **$14,168.00**, which represents unpaid civil money
15  penalties assessed against Defendants and finally determined, for violations of the
16  provisions of the FLSA during the Subject Period.

17  11. The monetary provisions of this Consent Judgment shall be deemed satisfied
18  where Defendants comply with the following payment provisions:

19  a. *Schedule:* Within thirty (30) calendar days of the entry of this Consent Judg-
20  ment, Defendants ABCO MANUFACTURING COMPANY; YONG JIN
21  KIM, also known as YOUNG JIN KIM; ELLEN JUNG, shall deliver to the
22  Wage and Hour Division, United States Department of Labor, Attn: Assistant
23  District Director Paul Chang, 770 The City Drive South, Suite 5710, Orange,
24  CA, 92868-4954, a schedule containing: (1) the employer's names, employer
25  identification number(s), employer addresses and telephone numbers, and (2)
26  the names, last known home addresses, Social Security numbers, home tele-
27  phone numbers, mobile telephone numbers, gross amount of back wages (as
28  listed in the attached Exhibit A), amounts of legal deductions for Social Securi-

1    ty and withholding taxes thereon, and the resulting net amount of back wages

2    for each employee listed in the attached Exhibit A.  Defendants shall be re-

3    sponsible for determining each employee's legal deductions for Social Security

4    and withholding taxes thereon from the amounts to be paid to the employees

5    named in the attached Exhibit A, and for timely remitting said deductions to

6    the appropriate governmental agencies entitled thereto.

7    b. *Back Wages and Liquidated Damages:* Within thirty (30) calendar days of en-

8    try of this Consent Judgment, Defendants ABCO MANUFACTURING

9    COMPANY; YONG JIN KIM, also known as YOUNG JIN KIM; ELLEN

10   JUNG, shall initiate repayment of the back wages and liquidated damages de-

11   scribed in Paragraphs 8 and 9, supra, by delivering two cashier's checks or

12   money orders per employee listed in Exhibit A.  The first cashier's check or

13   money order will be in the amount of total net back wages due to said employ-

14   ee and shall have "Net BW Due" written thereon.  The second cashier's check

15   or money order will be for the full amount of liquidated damages due to said

16   employee as set forth in the attached Exhibit A and shall have "Liquidated

17   Damages" written thereon.  Both checks shall include the firm name of

18   "ABCO MFG CO." and shall be made payable to the order of the employee or

19   "Wage & Hour Div., Labor."  For example, payment to John Employee would

20   be payable to "John Employee or Wage & Hour Div., Labor."  Defendants

21   shall deliver these payments to Wage and Hour Division, United States De-

22   partment of Labor, Attn: Assistant District Director Paul Chang, 770 The City

23   Drive South, Suite 5710, Orange, CA, 92868-4954.  Said checks shall have no

24   expiration date.

25   c. *Civil Money Penalties:* Within ninety (90) calendar days of entry of this Con-

26   sent Judgment, Defendants ABCO MANUFACTURING COMPANY; YONG

27   JIN KIM, also known as YOUNG JIN KIM; ELLEN JUNG, shall pay to the

28   Secretary the civil money penalties, as set forth in Paragraph 10, supra, by de-

1    livering one cashier's check or money order in the full amount of civil money
2    penalties with "CMP" written thereon.  Said cashier's check or money order
3    shall include the firm name of "ABCO MFG CO." and shall be made payable
4    to the order of "Wage & Hour Div., Labor."  Defendants shall deliver these
5    payments to Wage and Hour Division, United States Department of Labor,
6    Attn: Assistant District Director Paul Chang, 770 The City Drive South, Suite
7    5710, Orange, CA, 92868-4954.  Said check shall have no expiration date.
8    12. In the event of a default in the timely making of the payments specified herein,
9    the full gross amount outstanding due under this Consent Judgment, plus post-
10   judgment interest at the rate of 10% per year from the date of this Consent Judg-
11   ment until the amount of this Consent Judgment is paid in full, shall become im-
12   mediately due and payable directly to the U.S. Department of Labor by certified
13   check to the Wage and Hour Division.  For the purposes of this paragraph, a "de-
14   fault" is deemed to occur if payment is not delivered within five (5) calendar days
15   of the due date.
16   13. Upon receipt of the payments detailed in Paragraph 11(b), supra, the Secretary
17   shall distribute said payments to the persons named in the attached Exhibit A, or
18   to their estates if that be necessary, in his sole discretion, and any monies not so
19   paid within a period of three (3) years from the date of its receipt, because of an
20   inability to locate the proper persons or because of their refusal to accept it, shall
21   be then deposited in the Treasury of the United States, as miscellaneous receipts,
22   pursuant to 29 U.S.C. § 216(c).
23   14. Within thirty (30) calendar days of the date of entry of this Consent Judgment,
24   Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also
25   known as YOUNG JIN KIM; ELLEN JUNG, shall provide each of their employ-
26   ees with a copy of a notice of rights, attached as **Exhibit C**, which summarizes the
27   terms of this Consent Judgment and provides direct guidance from the U.S. De-
28   partment of Labor regarding employees' rights under the FLSA ("Notice of

Rights"). Exhibit C includes English, Spanish and Korean versions of the Notice of Rights. In the event the native language of any employee of Defendants is a language other than English, Spanish or Korean, Defendants shall ensure that the Notice of Rights is properly translated into that language. Within the time period prescribed above, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

a. Defendants shall post a copy of Exhibit C in a prominent location at all of Defendants' manufacturing facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms), and Defendants shall do the same at any future manufacturing facility within ten (10) calendar days of it beginning operations;

b. Defendants shall provide a copy of Exhibit C with the first two paychecks for the first two pay periods following entry of this Consent Judgment to all of Defendants' employees;

c. Defendants shall provide a copy of Exhibit C to all newly hired employees before or by the date said employee begins performing work for Defendants at one of Defendants' manufacturing facilities.

Within ten (10) calendar days of the date that Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM, also known as YOUNG JIN KIM; ELLEN JUNG, sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of Defendants' manufacturing facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms). Defendants shall do the same at any future manufacturing facility within ten (10) calendar days of it beginning operations. Copies of said posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

15. Within forty five (45) calendar days of the date of entry of this Consent Judg-
ment, Defendants ABCO MANUFACTURING COMPANY; YONG JIN KIM,
also known as YOUNG JIN KIM; ELLEN JUNG, shall retain an independent
consultant ("Independent Consultant"), who is qualified by education, experience,
and/or training in the FLSA, who shall monitor Defendants' employment practices
for a twelve (12) month period.  Prior to retaining the Independent Consultant,
Defendants shall first provide Wage and Hour with the name, contact information,
and relevant experience of the proposed Independent Consultant, by sending said
information to: Wage and Hour Division, United States Department of Labor,
Attn: Assistant District Director Paul Chang, 770 The City Drive South, Suite
5710, Orange, CA, 92868-4954.  Wage and Hour shall have fourteen (14) calen-
dar days from the date of receipt of said information to provide a written objection
to Defendants regarding the proposed Independent Consultant.  The lack of an ob-
jection by Wage and Hour shall not relieve Defendants of their obligations under
the FLSA. The scope of the Independent Consultant's duties shall include, but is
not limited to:

   a. Entering Defendants' business premises at any time, and without prior notice,
      for purposes of determining Defendants' compliance with the FLSA;

   b. Inspecting all of Defendants' physical facilities and the working conditions of
      Defendants' business premises;

   c. Inspecting all employee time and payroll records (including computer records);

   d. Inspecting all production and piece records;

   e. Obtaining the full names, phone numbers, and addresses, of all employees who
      perform any work for Defendants;

   f. Interviewing Defendants' employees (outside of the presence of their employ-
      ers, supervisors, managers, or other employees) regarding their employment
      terms and conditions;

g.  Reporting any violations of wage or recordkeeping provisions to Defendants, and if necessary, to the United States Department of Labor;

h.  Reporting any allegations of retaliation against any employee for exercise of said employee's rights under the FLSA to the United States Department of Labor;

i.  Submitting quarterly reports to Wage and Hour regarding the status of his or her findings regarding Defendants' employment practices ("Quarterly Reports").  Upon the Independent Consultant's retention, he or she shall send the Quarterly Reports to: Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Paul Chang, 770 The City Drive South, Suite 5710, Orange, CA, 92868-4954.

16. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified herein for the back wage recovery provisions.

17. Each party shall bear all fees and other expenses (including attorney's fees and court costs) incurred by such party in connection with any stage of this proceeding.

18. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated:  September 5, 2013   _____

_____

United States District Judge

1

2   M. PATRICIA SMITH
    Solicitor of Labor
3

4   JANET M. HEROLD
    Regional Solicitor
5

6   Dated: August 21 , 2013

7   GRACE A. KIM
    Trial Attorney
8

9

10  Dated: Aug 16 , 2013

11  For ABCO MANUFACTURING
    COMPANY, a California corporation
12

13  Haewon  Kim, Esq.

14  Legal  Representative

15  (Print name and title of above signatory)

16

17

18  Dated: Aug 19 , 2013

19  YONG JIN KIM, also known as
    YOUNG JIN KIM, individually and as a
20  managing agent of ABCO
21  MANUFACTURING COMPANY

22

23

24  Dated: Aug 19 , 2013

25  ELLEN JUNG, individually and as a
26  managing agent of ABCO
    MANUFACTURING COMPANY
27

28

(PROPOSED) CONSENT JUDGMENT                           Page 13 of 20

# **EXHIBIT A** TO CONSENT JUDGMENT

| | Employee First Name | Employee Last Name | Period Covered | Gross Back Wages Due | Liquidated Damages | Gross Total Amount Due |
|---|---|---|---|---|---|---|
| 1 | Aguilar | Amalia | 02/27/2010 to 03/02/2013 | $420.00 | $209.99 | $629.99 |
| 2 | Alvalos | Griselada | 02/27/2010 to 03/02/2013 | $1,198.00 | $598.99 | $1,796.99 |
| 3 | Avalos | Leticia | 02/27/2010 to 03/02/2013 | $2,440.99 | $1,220.48 | $3,661.47 |
| 4 | Beltran | Josefina | 02/27/2010 to 03/02/2013 | $174.88 | $87.43 | $262.31 |
| 5 | Ceballos | Claudia | 02/27/2010 to 03/02/2013 | $38.00 | $18.99 | $56.99 |
| 6 | Frutos | Antonio | 02/27/2010 to 03/02/2013 | $4,711.97 | $2,355.98 | $7,067.95 |
| 7 | Garcia | Maria | 02/27/2010 to 03/02/2013 | $2,246.82 | $1,123.40 | $3,370.22 |
| 8 | Garcia | Silvia | 02/27/2010 to 03/02/2013 | $3,877.94 | $1,938.96 | $5,816.90 |
| 9 | Gomez | Edder | 02/27/2010 to 03/02/2013 | $4,220.21 | $2,110.10 | $6,330.31 |
| 10 | Gomez | Nayela | 02/27/2010 to 03/02/2013 | $76.00 | $37.99 | $113.99 |
| 11 | Gomez | Rafael | 02/27/2010 to 03/02/2013 | $650.00 | $324.99 | $974.99 |
| 12 | Gomez | Rosa | 02/27/2010 to 03/02/2013 | $2,867.50 | $1,433.74 | $4,301.24 |
| 13 | Hernandez | Claudia | 02/27/2010 to 03/02/2013 | $344.00 | $171.99 | $515.99 |
| 14 | Hvite | Maria | 02/27/2010 to 03/02/2013 | $406.00 | $202.99 | $608.99 |
| 15 | Jara | Benjamin | 02/27/2010 to 03/02/2013 | $38.00 | $18.99 | $56.99 |
| 16 | Joo | Do Eun | 02/27/2010 to 03/02/2013 | $348.00 | $173.99 | $521.99 |
| 17 | Jun | Oauline | 02/27/2010 to 03/02/2013 | $290.00 | $144.99 | $434.99 |
| 18 | Kim | Sunyon | 02/27/2010 to 03/02/2013 | $3,460.00 | $1,729.99 | $5,189.99 |
| 19 | Leballos | Claudia | 02/27/2010 to 03/02/2013 | $250.32 | $125.15 | $375.47 |
| 20 | Lopez | Alexandra | 02/27/2010 to 03/02/2013 | $38.00 | $18.99 | $56.99 |
| 21 | Lopez | Maria | 02/27/2010 to 03/02/2013 | $420.00 | $209.99 | $629.99 |

# EXHIBIT A TO CONSENT JUDGMENT (continued)

| | Employee First Name | Employee Last Name | Period Covered | Gross Back Wages Due | Liquidated Damages | Gross Total Amount Due |
|---|---|---|---|---|---|---|
| 22 | Loza | Maria | 02/27/2010 to 03/02/2013 | $480.00 | $239.99 | $719.99 |
| 23 | Montiel | Emiliano | 02/27/2010 to 03/02/2013 | $147.20 | $73.59 | $220.79 |
| 24 | Morel | Mail | 02/27/2010 to 03/02/2013 | $58.00 | $28.99 | $86.99 |
| 25 | Moreno | Gabriela | 02/27/2010 to 03/02/2013 | $116.00 | $57.99 | $173.99 |
| 26 | Moreno | Victor | 02/27/2010 to 03/02/2013 | $596.96 | $298.47 | $895.43 |
| 27 | Murillo | Octacio | 02/27/2010 to 03/02/2013 | $68.20 | $34.09 | $102.29 |
| 28 | Pantoja | Maria | 02/27/2010 to 03/02/2013 | $1,474.00 | $736.99 | $2,210.99 |
| 29 | Park | Ji Yun | 02/27/2010 to 03/02/2013 | $1,804.00 | $901.99 | $2,705.99 |
| 30 | Paten | Angelica | 02/27/2010 to 03/02/2013 | $272.52 | $136.25 | $408.77 |
| 31 | Peralta | Wilmer | 02/27/2010 to 03/02/2013 | $580.00 | $289.99 | $869.99 |
| 32 | Perez | Osdvaldo | 02/27/2010 to 03/02/2013 | $68.20 | $34.09 | $102.29 |
| 33 | Ramirez | Maria | 02/27/2010 to 03/02/2013 | $209.76 | $104.87 | $314.63 |
| 34 | Ramirez | Over | 02/27/2010 to 03/02/2013 | $1,777.77 | $888.88 | $2,666.65 |
| 35 | Reus | Maria | 02/27/2010 to 03/02/2013 | $202.00 | $100.99 | $302.99 |
| 36 | Reyes | Elizabeth | 02/27/2010 to 03/02/2013 | $691.11 | $345.54 | $1,036.65 |
| 37 | Rivas | Carman | 02/27/2010 to 03/02/2013 | $1,232.47 | $616.22 | $1,848.69 |
| 38 | Rodriguez | Alejandra | 02/27/2010 to 03/02/2013 | $120.00 | $59.99 | $179.99 |
| 39 | Rodriguez | Angeles | 02/27/2010 to 03/02/2013 | $770.88 | $385.43 | $1,156.31 |
| 40 | Rodriguez | Marco | 02/27/2010 to 03/02/2013 | $939.76 | $469.87 | $1,409.63 |
| 41 | Romero | Isela | 02/27/2010 to 03/02/2013 | $290.00 | $144.99 | $434.99 |
| 42 | Tadeo | Ana | 02/27/2010 to 03/02/2013 | $727.12 | $363.55 | $1,090.67 |

1
2
## **EXHIBIT A** TO CONSENT JUDGMENT (continued)
3
4
5
6
7
8
9

| | Employee First Name | Employee Last Name | Period Covered | Gross Back Wages Due | Liquidated Damages | Gross Total Amount Due |
|---|---|---|---|---|---|---|
| 43 | Tapia | Eugenia | 02/27/2010 to 03/02/2013 | $230.00 | $114.99 | $344.99 |
| 44 | Vicente | Roberto | 02/27/2010 to 03/02/2013 | $417.08 | $208.53 | $625.61 |
| 45 | Victorino | Yolkanda | 02/27/2010 to 03/02/2013 | $536.96 | $268.93 | $805.89 |
| 46 | Vivar | Ssocorro | 02/27/2010 to 03/02/2013 | $1,044.08 | $522.03 | $1,566.11 |
| | Total | | | $43,370.70 | $21,685.35 | $65,056.05 |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(PROPOSED) CONSENT JUDGMENT**                    **Page 16 of 20**

1

## EXHIBIT B TO CONSENT JUDGMENT

2

3

### Summary of Amounts Due by Defendants

4

5

6

7

8

9

10

| | |
|---|---|
| **Gross Back Wages** | **$43,370.70** |
| **Liquidated Damages** | **$21,685.35** |
| **Civil Money Penalties** | **$14,168.00** |
| | |
| **Total  Due** | **$79,224.05** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(PROPOSED) CONSENT JUDGMENT**                                        **Page 17 of 20**

## **EXHIBIT C** TO CONSENT JUDGMENT

### **LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** ("FLSA") requires that all employees must be paid **minimum wage** for all hours worked.  Employees must also be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a work-week.  Employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

**ABCO MANUFACTURING COMPANY** has settled a lawsuit with the **United States Department of Labor**. As part of this settlement, they have agreed to pay unpaid overtime back wages owed to some employees. The Department of Labor will distribute these checks to the employees who are owed money. **Nobody from the company can ask you for this money back, and no employee must return this money back.**

Your employer wants you to know that it is committed to ensuring that all employees are paid minimum wage and overtime when it is due and is committed to fully complying with all laws enforced by the Department of Labor. If you are not paid minimum wage or overtime, or if anybody associated with this employer tells you to return your wages, please call the **U.S. Department of Labor at (714) 621-1650,** or **(866) 4-USWAGE, (866) 487-9243**.  You may also contact the Department of Labor if you have any questions about your employment rights, such as your rights to minimum wage and overtime wages. Your name will be kept confidential.

**EXHIBIT C** TO CONSENT JUDGMENT (continued)

## AVISO LEGAL A TODOS LOS EMPLEADOS

**El acto de las Normas Laborales Razonables**, requiere que todos los empleados se les deben pagar salario mínimo por todas las horas trabajadas. Empleados deben recibir pago por las horas de sobretiempo, a una tasa de vez y media su tarifa regular, por las horas que trabajan más de 40 en una semana. Empleados, ya sean pagados por hora o por pieza, tienen derecho a horas de sobretiempo cuando trabajan más de 40 horas en una semana.

**ABCO,** Empresa de fabricación, ha resuelto un pleito con el **Departamento de Trabajo de los Estados Unidos**. Como parte de la resolucion, han acordado pagar salarios adeudados por horas de sobretiempo a algunos empleados. El Departament de Trabajo distribuira estos cheques a los empleados adeudados. **Nadie de la Compania puede pedirle que devuelta este dinero, y ningun empleado debe devolver este dinero.**

Su empleador quiere que Ustedes sepan que esta comprometido a asegurarles que todos los empleados van a ser pagados el salario minimo y sobretimepo cuando es efectivo, y esta comprometido a cumplir con las leyes enforzadas por el Departamento de Trabajo. Si Usted no es pagado salario minimo o sobretimepo o si alguien en asociacion con este empleador le dice de devolver su salario. Por favor llame al **Departamento de Trabajo al (714)621-1650, o (866)4-USWAGE, (866)487-9243**. Tambien puede contactar el Departamento de Trabajo si tiene preguntas sobre sus derechos laborales, como sus derechos al salario minimo y sobretimepo. Su nombre se mantendra confidencial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C** TO CONSENT JUDGMENT (continued)

## 전 직원 귀하 법적 공지문

공정근로 기준법에 의거하여 모든 직원들은 일한 노동시간에 맞춰 시간당 **최소 임금**을 받아야 합니다. 또한 주당 40시간 이상 일한 경우 초과된 시간만큼 정규 시급의 1.5배의 **오버타임**을 받을 수 있게 법으로 보장되어 있습니다. 정해진 **시급**을 받고 일했든, **작업량**에 따라 임금을 받았든 상관없이, 누구나 주당 40시간이상 초과해서 일했을 경우 오버타임 수당을 지급받아야 합니다.

ABCO MANUFACTURING COMPANY는 연방 노동부가 제기한 소송에 합의했으며, 이에 따라 일부 직원들에게 지불하지 않은 오버타임 수당을 지급하는데 동의하였습니다. 노동부가 직접 체불임금이 있는 직원들에게 수표를 지급할 예정입니다. **회사의 어느 누구도 귀하에게 이 수표를 돌려달라고 요구할 수 없으며, 직원들 또한 받은 수표를 회사에 반환할 필요가 없습니다.**

당 회사는 모든 직원들이 최소임금과 해당사항이 있을 경우 오버타임 수당을 받을 수 있도록 하는데 책임을 다할 것이며, 노동부가 집행하는 모든 법을 준수할 것임을 전 직원에게 알리고자 합니다. 현재 귀하가 법적으로 규정된 임금을 받지 못하고 있다면, 또는 당 회사와 관련된 직원이 받은 임금을 반환하라고 요구한다면, **미국 연방 노동부에 ((714)-621-1650 또는 (866)-4-USWAGE / (866)-487-9243 )** 바로 전화주십시오. 최소임금이나 오버타임 수당 등 귀하의 노동권에 대해 질문이 있으실 경우에도 노동부로 전화주시면 됩니다. 귀하의 신상은 절대 비밀이 보장됩니다.